# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| JOHN P. GAUTHIER | CIVIL ACTION NO. 10-1473-LC |
| | SECTION "P" |
| VERSUS | |
| | JUDGE MINALDI |
| MILTON ALEXANDER, ET AL | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

On September 23, 2010, *pro se* plaintiff John P. Gauthier, proceeding *in forma pauperis* filed the instant civil rights action pursuant to 42 U.S.C.§ 1983.  Doc. 1.  Plaintiff is an inmate in the custody of  Louisiana's Department of Public Safety and Corrections (LDOC).  He is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana.  Plaintiff names Probation Officers Milton Alexander and Michael Winn, and DOC employee Linda Ramsey as defendants herein.  Doc. 5, p. 3; Doc. 11.  As relief, plaintiff seeks to be compensated for lost wages, punitive damages, and to have the court order his placement in a residence program.  Doc. 1, p. 6; Doc. 4, p. 5.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

In his complaint, plaintiff alleged that from June to August 2010, he filed several residence plans with the DOC.  Doc. 5, p. 3.  He claims that the plans were sent to his parole officer, defendant Alexander.  *Id.*  Plaintiff contends that Alexander, along with Alexander's supervisor Michael Winn, willfully denied the residence requests due to a personal belief that "child [molesters] needed to stay behind bars."  Doc. 1, p. 3.

## LAW AND ANALYSIS

### 1.  Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### 2.  42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States.  42 U.S.C. § 1983.  Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.

In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a

state actor.  *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

> **a.      Probation Officers Milton Alexander and Michael Winn**

Plaintiff's fails to state a claim upon which relief can be granted against Defendants Alexander and Winn as both are protected from liability by the doctrine of qualified immunity. *Galvan v. Garmon*, 710 F.2d 214 (5th Cir.1983); *Lucas v. Parish of Jefferson*, 999 F.Supp. 839, 844-45 (E.D. La. 1998) (Berrigan, J.).

The Supreme Court has held that "objective reasonableness of an official's conduct, as measured by reference to clearly established law" determines whether an official is protected by qualified immunity.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  In this case, plaintiff questions the defendants' recommendations regarding his placement into a residential program. From plaintiff's allegations, it "is not sufficiently clear that a reasonable official" would understand that they violated any of plaintiff's constitutional rights in taking such an action. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  Plaintiff cannot establish that defendants Alexander and Winn acted in an objectively unreasonable manner in violation of his constitutional rights, and therefore defendant's qualified immunity renders plaintiff's claim against them baseless and should be dismissed.

> **b.      Linda Ramsey**

In an amended complaint, plaintiff alleges that he filed his second step ARP with defendant Linda Ramsey and that she wrongly sent the ARPs to ACC.  Doc. 11.

Again, plaintiff has failed to allege facts giving rise to a constitutional violation. Plaintiff does not have a federally protected liberty interest in having his grievances addressed and resolved to his satisfaction. "As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir.2005) (prisoner did not have liberty

interest in having grievance against mail room and security staff of prison resolved to his satisfaction).

Therefore, **IT IS RECOMMENDED** plaintiff's claims against defendants Alexander and Winn be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted and for seeking monetary relief against a defendant who is immune from suit;   **IT IS ALSO RECOMMENDED** that the remainder of plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ.  P. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglas v. United Serv. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 17th day of July, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE